**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| WILLIAM C. ROBERTS, : | **Hon. Renée Marie Bumb** |
| Petitioner, : | Civil No. 09-0609 (RMB) |
| v. : |  |
| COMMONWEALTH OF PENNSYLVANIA : BD. OF PROBATION & PAROLE, : | **OPINION** |
| Respondent. : |  |

**APPEARANCES:**

    WILLIAM C. ROBERTS, #07976-068
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**BUMB, District Judge**

    William C. Roberts, an inmate currently confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the validity of a detainer lodged by the Pennsylvania Board of Probation and Parole.  This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to the filing of a petition under 28 U.S.C. § 2254 in the appropriate district court, and deny a certificate of appealability.  See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

### I. BACKGROUND

Petitioner is serving a 92-month term of imprisonment imposed on August 10, 2004, and amended September 7, 2005, by the United States District Court for the Western District of Pennsylvania, based on his guilty plea to one count of possession of a firearm by a convicted felon, contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  See United States v. Roberts, Crim. No. 04-0022 (DWA) judgment (W.D. Pa. Sept. 7, 2005).

On February 9, 2009, while incarcerated at FCI Fairton in New Jersey, Petitioner executed a form § 2241 Petition (presently before this Court) challenging a "parole problem" and naming the Pennsylvania Board of Probation and Parole as the sole Respondent.  The Petition raises two grounds:

> Ground One: CRIMINAL CONDUCT USED AS BASIS FOR VIOLATION [OF PAROLE] OCCURRED PRIOR TO CONVICTION ON CURRENT CASE.
>
> Factual Support: Federal case originally state case that Petitioner was charge[d] with on December 13, 2002.  Parole violation case was originally charged in 1999.
>
> Ground Two: PETITIONER WAS HELD IN CUSTODY FOR A TOTAL OF 36 MONTHS FULFILLING INCARCERATION OBLIGATION.
>
> Supporting Facts: I was in prison for 25 months made parole I had 11 months to max out my sentence but 45 day before, I max out, I caught a case.  I went back to prison did 45 days and was release from prison to the county jail but the greensheet from the parole board stated wait for the outcome of my case was no possed then later on the feds picked it up.

(Pet. ¶ 10a & b.)

## II.   DISCUSSION

A.   Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243. Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B.   Jurisdiction

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a prisoner who is "in custody in

3

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).

Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

This Court reads the Petition as challenging the validity of a detainer lodged by, or the underlying decision issued by, the Pennsylvania Board of Probation and Parole.[1]  The problem with this § 2241 Petition is that in Coady v. Vaughn, 251 F. 3d 480 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit held that, although the language of both §§ 2241 and 2254 govern a challenge to a state parole board's decision, a prisoner who seeks to challenge the execution of a state sentence must use § 2254.  Id. at 485.  The rationale for the holding was that,

---

[1] A memorandum regarding sentencing filed in the criminal proceeding by Petitioner's attorney states that, because of the criminal offense, a detainer was lodged relative to a state probation violation.  See United States v. Roberts, Crim. No. 04-0022 (DWA) docket entry #44 (W.D. Pa. Aug. 29, 2005).  Although the Petition is not artfully written, it appears to challenge the validity of the detainer lodged by the Pennsylvania Board of Probation and Parole (or the action underlying the detainer), and nothing in the Petition indicates that Petitioner challenges the present effect being given to the Pennsylvania detainer by the Bureau of Prisons.  If Petitioner desires to challenge the present effects of the detainer, then he may file a new § 2241 petition in this District which sets forth federal grounds.  See Nelson v. George, 399 U.S. 224 (1970).

where "Congress has attached restrictions to Section 2254 proceedings [those restrictions] should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241." [2]  Id. at 485.  Under the holding of Coady v. Vaughn, this Court lacks jurisdiction over the Petition under § 2241.  See Thomas v. Miner, 2008 WL 54150 (3d Cir. Jan. 4, 2008) (observing that federal prisoner challenging detainer lodged by Pa. Bd. of Probation and Parole must be bring § 2254 petition); Coar v. N.J. State Parole Bd., 2006 WL 2319434 at *2-*3 (D.N.J. Aug. 9, 2006) (New Jersey prisoner's challenge to denial of state parole must be brought under § 2254).  This Court will accordingly dismiss the Petition for lack of jurisdiction, without prejudice to the filing of a § 2254 petition in the District Court with jurisdiction over the Pennsylvania Board of Probation and Parole.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-500 (1974) (prisoner serving a sentence imposed by one state who seeks to challenge detainer lodged by another state properly brought habeas petition in district court with jurisdiction over demanding state, since the state holding the prisoner in

---

[2] Section 2254 requires the petitioner to exhaust remedies available in the courts of the State unless "there is an absence of available State corrective process [or] circumstances exist that render such process ineffective to protect the rights of the [petitioner]."  28 U.S.C. § 2254(b)(1).

immediate confinement acts as the agent of the state which lodged the detainer seeking future custody).

C.  Certificate of Appealability

To the extent the Petition seeks relief pursuant to 28 U.S.C. § 2254, this Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction under § 2241, without prejudice to the filing of a § 2254 petition in the District Court with jurisdiction over the Pennsylvania Board of Probation and Parole, and denies a certificate of appealability.

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**

Dated: May 12, 2009